# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44063

| | | |
|---|---|---|
| In the Matter of the DOE CHILDREN, Children Under the Age of Eighteen Years. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | 2016 Unpublished Opinion No. 621 |
| Petitioner-Respondent, | ) ) ) | Filed: July 29, 2016 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| JANE DOE (2016-10), | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant, | ) ) | |
| and | ) ) | |
| GUARDIAN AD LITEM/CASA, | ) ) | |
| Intervenor-Respondent. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. A. Lynne Krogh, Magistrate.

Order terminating parental rights, affirmed.

Tera Harden, Canyon County Chief Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant. Jonathan M. McCabe argued.

Hon. Lawrence G. Wasden, Attorney General; Brent King, Deputy Attorney General, Caldwell, for respondent. Brent King argued.

Guardian ad litem did not participate on appeal.

GRATTON, Judge

Jane Doe appeals from the magistrate's order terminating her parental rights. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe has four living children: A.G., a girl born in 2007; M.M., a boy born in 2011; E.M., a girl with Down syndrome born in 2013; and C.M., a boy born in 2015. All of the children have the same biological father (Father) with the exception of A.G. Doe had another child with Father that died of SIDS in 2011.

This child protection case involves two of the children: M.M. and E.M. The Idaho Department of Health and Welfare (the Department) pursued an earlier child protection case involving A.G. and M.M. In that case, Doe substantially complied with her case plan and reunified with M.M., while A.G. reunified with her biological father. The Department has not pursued a child protection case involving C.M., born shortly before the trial of this matter.

Doe and Father have a history of domestic violence, drug use, and criminal convictions. Much of the couple's drug use and domestic violence has occurred in their home. The incident that gave rise to this case occurred in July 2014. An officer responded to a physical altercation between Doe and Father that took place in front of their children. Father alleged Doe was using methamphetamine in front of their children and accidentally hit E.M. in the altercation. The State arrested Doe and Father and charged them both with felony domestic battery and felony injury to a child. The Department took custody of M.M. and E.M. that day.

In September 2014, the magistrate ordered Doe to complete a case plan. The case plan required Doe to complete substance abuse, mental health, anger management, and domestic violence treatment; attend arranged visits with the children and appointments for the children's health and developmental needs; become self-sufficient through employment and/or community resources; and resolve her criminal matters. Doe struggled to comply with the case plan. She completed some of the plan's components, but failed to complete several others. M.M. and E.M.'s health and development improved while they were in the custody of the Department. Shortly after the Department took custody of the children, both children tested positive for methamphetamine. E.M. had to undergo heart and hernia surgery, but her health improved and she made progress developmentally. Her caregivers actively participated in her therapy and development. M.M. had behavioral problems for several months after the Department took custody of him. These problems subsided and he made progress developmentally and even exceled in some areas.

2

In October 2014, the Department petitioned for termination of Doe's parental rights. The magistrate held a trial in February 2016 and terminated Doe's parental rights in a written order in March 2016, holding that Doe neglected M.M. and E.M. and it was in M.M. and E.M.'s best interests to terminate Doe's parental rights. Doe appeals.[1]

## II.

## ANALYSIS

Doe argues substantial and competent evidence in the record did not support the magistrate's findings that: (1) Doe neglected M.M. and E.M.; and (2) it was in M.M. and E.M.'s best interests to terminate Doe's parental rights.

### A. Neglect

Doe asserts substantial and competent evidence did not support the magistrate's finding that Doe neglected M.M. and E.M. In an action to terminate parental rights, due process requires this Court to determine if substantial and competent evidence supports the magistrate's decision. *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. at 345-46, 144 P.3d at 599-600. This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). We conduct an independent review of the record that was before the magistrate. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and

---

[1] Father's parental rights were also terminated, but he has not appealed.

convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe*, 143 Idaho at 346, 144 P.3d at 600. Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(28), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(28)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the

4

conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate held that Doe neglected M.M. and E.M. under both definitions of neglect. On appeal, Doe only challenges the magistrate's finding that she failed to complete the case plan under the definition of neglect in I.C. § 16-2002(3). Because the magistrate need only find neglect under one of the definitions, we affirm the magistrate's finding under the definition of neglect regarding conduct included in I.C. § 16-2005(1)(b). Nonetheless, we will address Doe's argument regarding her completion of the case plan.

Doe argues she complied with the case plan by substantially completing the components of the plan. Doe claims substantial completion of the case plan should be sufficient to avoid a finding of neglect in this case because the magistrate discounted much of her progress on the case plan and failed to take into account her "special circumstances and limitations." According to Doe, these circumstances and limitations include her lack of education and job skills, the difficulty of simultaneously caring for several children under the age of ten and one child with Down syndrome, her mental and emotional issues resulting from being domestically abused and from the death of her child, and her dependence on drugs and alcohol.[2]

---

[2]     Doe also asserts the magistrate erred in finding she neglected M.M. and E.M. because the Department did not make reasonable efforts to help her reunify with M.M. and E.M. as required by I.C. § 16-1621. Principally, Doe asserts the Department did not help her obtain mental health treatment or transportation to the hospital for E.M.'s hernia surgery. The record is clear that the Department provided Doe with mental health treatment when she was willing to participate. When she refused to participate in mental health treatment, the Department did not force the treatment on her. "Reasonable efforts" do not include forcing mental health treatment on unwilling parents.

Further, the Department did not provide Doe with transportation to the hospital for E.M.'s hernia surgery because it believed Doe had the resources to arrange her own transportation. Doe reported steady employment during the six months prior to E.M.'s hernia surgery and overstated her income in a budget submitted to the Department before the surgery. Because the Department believed Doe had the resources she needed to pay for her transportation, it denied Doe's request for transportation to the hospital. Further, the magistrate suggested that Doe's recent failed drug test showed she did not have funds sufficient to pay for her transportation because she had spent her money on drugs. Finally, the Department gave Doe ample notice of E.M.'s hernia surgery, and the surgery took place approximately thirty minutes from where Doe lived. The record shows that Doe did not go to the hospital for the surgery or during the three days that E.M. was hospitalized thereafter.

Doe asserts the cost of transportation would have been minimal and, therefore, the Department's failure to provide transportation shows the Department was not making reasonable

5

The magistrate found "upon clear and convincing evidence . . . that [Doe had] neglected the children by failing to complete the case plan." The magistrate outlined Doe's struggles with the case plan, primarily considering Doe's failure to complete substance abuse and mental health treatment, attend appointments for the children's health and developmental needs, and resolve her criminal matters. However, the magistrate also gave Doe credit for progress she made on the plan. The magistrate considered Doe's completion of her anger management and domestic violence treatment, progress with her substance abuse counselor, and ability to maintain an income sufficient for herself and C.M. Ultimately, the magistrate concluded, "Although [Doe] made substantial progress, [Doe's] failure to complete the case plan is also substantial, and the issues that brought her children into care and that impair her ability to parent are also substantial and remain unresolved."

Substantial and competent evidence supports the magistrate's finding that Doe neglected M.M. and E.M. by failing to complete the case plan. Doe did not complete her substance abuse treatment. While she made some progress with her substance abuse counselor, she failed drug tests, admitted to using methamphetamine, and missed treatment sessions. At times, Doe refused to participate in mental health treatment. When she was willing to participate, the Department provided her with mental health treatment, but she was ultimately discharged. Although Doe completed her anger management and domestic violence treatment, her program counselor suspended her for several months because she failed to report a battery charge against her. Additionally, police responded to complaints of domestic violence involving Doe in September 2014, October 2014, and June 2015. Doe attended arranged visits with the children, but was unable to simultaneously care for M.M. and E.M. during these visits. Doe failed to regularly attend therapy sessions for E.M.'s developmental disability or visit E.M. in the hospital after she had hernia surgery. Doe did not become reliably self-sufficient. She was in and out of homeless shelters, and although she claimed she was detailing cars and working at a restaurant, she provided little proof of employment. Finally, Doe did not resolve her criminal matters. In April 2015, she pled guilty to petit theft, and the State charged her with battery in May 2015 and petit theft in July 2015. A reasonable mind would accept and rely on this evidence to determine that

efforts. However, because the Department has limited resources, "reasonable efforts" do not include providing minor services to parents who the Department reasonably believes are capable of obtaining the services on their own.

Doe failed to complete the case plan. Thus, substantial and competent evidence supports the magistrate's finding that Doe neglected M.M. and E.M. by failing to complete the case plan.

Despite Doe's assertions, the record is clear that Doe did not substantially complete the case plan. Further, there is no indication in either the magistrate's findings or decree that it discounted Doe's progress on the case plan. Rather, the magistrate gave Doe credit for her progress on the case plan. However, Doe's struggles with the plan ultimately supported a finding that she failed to comply with the plan. Finally, the "special circumstances and limitations" associated with Doe's substance abuse and mental health issues, inability to simultaneously care for all of her children, and employment issues were considered by the magistrate and do not operate to excuse Doe from compliance with the case plan.

Doe's arguments essentially ask this Court to reweigh the evidence. It is well established that appellate courts in Idaho do not reweigh evidence. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Instead, we defer to the trial court's unique ability to "accurately weigh the evidence and judge the demeanor of the witnesses" and take into account the trial court's "superior view of the entire situation." *Doe v. Roe*, 133 Idaho 805, 809, 992 P.2d 1205, 1209 (1999). Accordingly, we refuse to reweigh the evidence in this case and affirm the magistrate's holding that Doe neglected M.M. and E.M. by failing to complete the case plan.

## B. Best Interests of the Children

Doe also argues substantial and competent evidence did not support the magistrate's determination that it was in the best interests of M.M. and E.M. to terminate Doe's parental rights. Doe asserts it was not in M.M. and E.M.'s best interests to terminate her parental rights because of her substantial relationship with the children and the children's inability to develop a relationship with their brother, C.M., if her rights are terminated. According to Doe, she has a substantial relationship with M.M. and E.M. because she visits the children at least once a week, the children know her as their mother, and she pays child support for the children.

Once the trial court establishes a statutory ground for termination, it must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *Matter of Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, the employment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care,

7

the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014); *see also Doe*, 133 Idaho at 809-10, 992 P.2d at 1209-10; *Doe v. State, Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). Thus, a finding that it is in the best interest of the child to terminate parental rights must be made upon objective grounds, supported by substantial and competent evidence. *In re Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

Here, the magistrate found "upon clear and convincing evidence . . . the termination of parental rights [was] in the children's best interest." The magistrate considered the amount of time M.M. and E.M. had been in the Department's custody; Doe's failure to resolve the substance abuse, mental health, self-sufficiency, criminal, and domestic violence issues that put M.M. and E.M. in the Department's custody; and Doe's inability to meet the children's basic needs and E.M.'s special needs. The magistrate also considered M.M. and E.M.'s health and developmental progress while in the Department's custody and that the children were in a long-term, possibly permanent, placement together.

Substantial and competent evidence supports the magistrate's finding that it was in M.M. and E.M.'s best interests to terminate Doe's parental rights. Although Doe pays child support for the children, her drug use, mental instability, domestic violence issues, criminal matters, and self-sufficiency problems are not conducive to a stable, permanent home environment. During the pendency of this case, Doe was charged with and convicted of several crimes, failed to complete substance abuse and mental health treatment, was in and out of homeless shelters, had a dubious employment history, and was party to several domestic disturbances. In contrast to Doe's struggles after the Department took custody of M.M. and E.M., the children have thrived in the Department's custody. Shortly after the Department took custody of the children, they both tested positive for methamphetamine. E.M. had to undergo heart and hernia surgery, but her health improved and she made progress developmentally. Her caregivers actively participated in her therapy and development. M.M. had behavioral problems for several months after the Department took custody of him. These problems subsided and he made progress developmentally and even exceled in some areas. Additionally, the children were in a long-term, possibly permanent, placement together. A reasonable mind would accept and rely on this evidence to determine whether it was in M.M. and E.M.'s best interests to terminate Doe's

parental rights. Thus, substantial and competent evidence supports the magistrate's finding that it was in M.M. and E.M.'s best interests to terminate Doe's parental rights.

We are not persuaded by Doe's assertion that it was not in M.M. and E.M.'s best interests to terminate her parental rights because of her substantial relationship with the children and the children's inability to develop a relationship with C.M. if her rights are terminated. While we recognize the desirability of maintaining these familial relationships, Doe's inability to provide a stable environment for M.M. and E.M. requires us to affirm that it was in the children's best interests to terminate Doe's parental rights.

## III.
## CONCLUSION

Substantial and competent evidence supports the magistrate's findings that Doe neglected M.M. and E.M., and it was in the best interests of M.M. and E.M. to terminate Doe's parental rights. The magistrate's order terminating Doe's parental rights is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.